UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
ALEXIS RIVERA,

                        Plaintiff,

      -against-

UNITED STATES OF AMERICA,

                        Defendant.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/30/20

19-CV-00869 (KMW)
16-CR-00311 (KMW)
**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

Alexis Rivera ("Petitioner") brings this *pro se* motion to vacate, set aside, and correct his sentence under 28 U.S.C. § 2255. Petitioner's motion claims ineffective assistance of counsel. For the following reasons, his motion is DENIED.

## BACKGROUND

On August 31, 2016, a Grand Jury charged Petitioner with one count of conspiracy to distribute, and to possess with the intent to distribute, (1) 280 grams and more of cocaine base, and (2) one kilogram and more of heroin, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846; and one count of possession of a firearm in in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 2. (ECF No. 63.[1]) The charges arose from Petitioner's involvement with a group called "YNR," which distributed crack cocaine and heroin in the vicinity of 188th Street and Webster Avenue in the Bronx, New York. (Change of Plea Tr. at 15, ECF No. 163; Sentencing Tr. at 13, ECF No. 315.) The narcotics conspiracy charge

---

[1] All ECF numbers refer to Petitioner's criminal docket unless otherwise noted.

carried a mandatory minimum sentence of ten years' imprisonment. *See* 21 U.S.C. §§ 841(b)(1)(A)(i), 846.

Petitioner initially entered a plea of not guilty. However, on April 25, 2017, he changed his plea to guilty pursuant to a plea agreement with the United States Attorney for the Southern District of New York. (Change of Plea Tr. at 6.) The Government agreed to resolve the narcotics conspiracy charge with a guilty plea to the lesser included offense of conspiracy to distribute, and possess with intent to distribute, cocaine base and heroin, in violation of 21 U.S.C. §§ 812, 841(a)(1), 841(b)(1)(C), and 846; and to dismiss all open counts against Petitioner. (Government's Letter in Opposition to the Motion to Vacate, Ex. A (the "Plea Agreement") at 1, ECF No. 399-1.) The offense to which Petitioner pled guilty was subject to a statutory maximum sentence of 20 years' imprisonment, and a statutory mandatory minimum sentence of three months' supervised release. *See* 21 U.S.C. §§ 841(b)(1)(C), 846.

In the Plea Agreement, Petitioner and the Government stipulated to a Sentencing Guidelines range of 108 to 135 months' imprisonment. (*Id.* at 3.) They also "agree[d] that neither a downward nor an upward departure from the Stipulated Guidelines Range . . . is warranted," and agreed that "neither party will seek any departure or adjustment pursuant to the Guidelines that is not set forth herein." (*Id.*) Petitioner also agreed not to file a direct appeal, or to bring a collateral challenge, including one under 28 U.S.C. § 2255, of any sentence within or below the stipulated Guidelines range; the Government agreed not to file a direct appeal of a sentence within or above that range. (*Id.* at 4.)

Petitioner's counsel submitted a letter to this Court in advance of sentencing, requesting a sentence of less than 108 months' incarceration. (ECF No. 300.) The letter addressed the factors enumerated in 18 U.S.C. § 3553(a), and focused primarily on the physical and emotional trauma Petitioner experienced throughout his life, as well as Petitioner's learning disabilities and

2

difficulties in school. (*Id.*) At sentencing, counsel highlighted these same themes. (Sentencing Tr. at 3–8.) This Court imposed a sentence of 108 months, the bottom of the stipulated Guidelines range. (*Id.* at 14; ECF No. 308.) Petitioner did not appeal.

On January 28, 2019, Petitioner brought the instant motion under § 2255.[2] (Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 ("Pet. Mtn"), ECF No. 394.)

## LEGAL STANDARD

Collateral relief is available under § 2255 "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Bokun*, 73 F.3d 8, 12 (2d Cir. 1995) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

The district court must hold a hearing on a motion under § 2255 "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Thus, a hearing is required "in cases where the petitioner has made a 'plausible claim' of ineffective assistance of counsel." *Morales v. United States*, 635 F.3d 39, 45 (2d Cir. 2011) (quoting *Puglisi v. United States*, 586 F.3d 209, 213 (2d Cir. 2009) (quotation marks omitted)). To "warrant relief [on an ineffective assistance of counsel claim], a defendant must demonstrate both 'that counsel's performance was deficient' and 'that the deficient performance prejudiced the defense.'" *Waiters v. Lee*, 857 F.3d 466, 477 (2d Cir. 2017) (quoting *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

---

[2] Petitioner's Reply Brief was filed on October 1, 2019, a week past the date on which it was due. (ECF Nos. 401, 405.) Nonetheless, the Court considers this brief in light of Petitioner's incarcerated, *pro se* status, and because doing so will not prejudice the Government. For the same reason, the Court considers the arguments made in Petitioner's Reply Brief that were not fully articulated in his initial motion.

3

In evaluating counsel's performance under the first *Strickland* prong, "[t]he court 'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance,' bearing in mind that '[t]here are countless ways to provide effective assistance in any given case.'" *United States v. Aguirre*, 912 F.2d 555, 560 (2d Cir. 1990) (second alteration in original) (quoting *Strickland*, 466 U.S. at 689).

"To establish *Strickland* prejudice, [a petitioner] must demonstrate 'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Garner v. Lee*, 908 F.3d 845, 861–62 (2d Cir. 2018) (quoting *Strickland*, 466 U.S. at 694). Where a petitioner claims counsel failed to properly advise him of the consequences of his guilty plea, he can establish prejudice by demonstrating a reasonable likelihood that, had counsel advised him properly, he would have been able to secure a better plea bargain or would have rejected the bargain altogether and gone to trial. *See Kovacs v. United States*, 744 F.3d 44, 51–53 (2d Cir. 2014) (describing paths to establishing *Strickland* prejudice in context of counsel's alleged failure to advise defendant of immigration consequences of his plea).

## DISCUSSION

Petitioner claims counsel rendered ineffective assistance by failing to advise him of his right to appeal from this Court's decision not to depart downward from the stipulated Guidelines range due to his past disabilities and traumatic experiences. (Pet. Mtn at 5.) It is not entirely clear from Petitioner's motion whether he claims his lawyer failed to advise him (1) prior to his guilty plea, that the Plea Agreement would prevent him from appealing his sentence on that basis; or (2) after he pled guilty, to appeal his sentence on that basis. (*Id.*; Petitioner's Reply Brief ("Pet. Reply") at 2, ECF No. 405.) Because Petitioner is proceeding *pro se*, the Court

4

reads his motion liberally, and interprets it as raising both arguments. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). Neither argument, however, demonstrates *Strickland* prejudice, and Petitioner's motion fails under either interpretation.

The Court first addresses Petitioner's contention that his lawyer advised him improperly during plea negotiations about the consequences of the Plea Agreement. Petitioner's position is difficult to discern with precision. It is unclear whether he complains that his lawyer failed to inform him that the Plea Agreement would bar him from appealing a 108-month sentence based on the Court's decision not to depart downward, or that his lawyer affirmatively misled him to believe the Plea Agreement would permit him to make such an appeal. (Pet. Mtn at 5; Pet. Reply at 2–3.) The Court adopts the latter interpretation, which is stronger[3], though ultimately unavailing. *See Cruz*, 202 F.3d at 597.

Even assuming the truth of the strongest allegation hinted at in Petitioner's brief—that counsel persuaded Petitioner that the Plea Agreement would permit him to appeal the Court's decision not to grant a downward departure, in spite of the Plea Agreement's clear waiver of any appeal of a sentence of 108 months' imprisonment or less—Petitioner fails to show prejudice. Petitioner makes no attempt to show that the Government would have offered him such a favorable plea agreement without demanding the broad appeal waiver contained in the Plea Agreement, and the record does not support this argument. In fact, the Government stated at sentencing that the Government's offer to Petitioner was as lenient as it was in recognition of Petitioner's prior traumatic experiences. (Sentencing Tr. at 10.) Petitioner makes no showing

---

[3] The former position would fail under both *Strickland* prongs, while the latter might succeed on the first prong. The Court need not reach the first prong, however. *See Strickland*, 466 U.S. at 697 (courts should dispose of ineffective assistance claims on the grounds of lack of prejudice, without addressing whether counsel's performance was reasonable, where possible).

that the Government would have been inclined to grant him a better offer. Petitioner does not claim he would have gone to trial rather than accept the plea, had he fully understood its implications; nothing in the record suggests he would have done so. Thus, Petitioner cannot show a reasonable probability that, had his lawyer properly advised him of the full scope of his appeal waiver, the result of the proceedings would have been any different. *See Kovacs*, 744 F.3d at 51–53.

Next, the Court addresses Petitioner's claim that counsel failed to advise him to pursue an appeal of the Court's decision not to grant a downward departure. This claim also fails for lack of prejudice. Had Petitioner appealed his sentence on this basis, his appeal would certainly have been denied as barred by his agreement not to appeal a sentence of 108 months' imprisonment. (Plea Agreement at 4.)

## CONCLUSION

Petitioner's § 2255 motion is DENIED. A certificate of appealability will not issue because Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22 (b). The Clerk of Court is directed to close this case. Any pending motions are moot.

SO ORDERED.

Dated: New York, New York
January 29, 2020

_____
KIMBA M. WOOD
United States District Judge